IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALTON HICKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-63-SPS |
| ) | |
| GEICO GENERAL INSURANCE ) | District Court of LeFlore County |
| COMPANY, ) | Case No. CJ-2016-19 |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446(b), Defendant GEICO General Insurance Company ("GEICO" or "Defendant"), hereby removes the above-captioned lawsuit from the District Court in LeFlore County, State of Oklahoma to this Court. Pursuant to LCvR 81.2, a copy of the state court docket sheet as well as all documents filed or served in the state court action (Petition, Plaintiff's Initial Disclosures and Affidavit of Service) are attached hereto as EXHIBITS 1-4.

The removal of this case to federal court is based on the following:

## FACTUAL BACKGROUND

On January 6, 2014, Dalton Hickman ("Plaintiff") was a passenger in an automobile driven by his wife, Angela Hickman when another vehicle driven by non-party, Chelsea Hall ("Hall"), collided with Plaintiff's vehicle allegedly

causing Plaintiff to sustain injuries. (See Petition, LeFlore County Case No. CJ-2016-19 ¶ 2, EXHIBIT 2.)

At the time of the accident, Plaintiff was insured under an automobile insurance policy issued by GEICO, policy number 4201-55-00-78 (the "Policy"). The Policy provides uninsured motorist ("UM") benefits in the amount of $25,000.00 per person/$50,000.00 per accident. (See Declarations Page for Policy No. 4201-55-00-78, attached as EXHIBIT 5.)

Hall was covered by an automobile liability insurance policy issued by Shelter Mutual Insurance Company with a $50,000.00 policy limit applicable to any injury claims being made by Plaintiff. Plaintiff claims the liability insurance carried by Hall was insufficient to fully compensate him for his losses and that he is entitled to 100% of the UM policy limits. GEICO disagrees with the extent of damages claimed by Plaintiff and does not believe 100% of the policy limits are owed to Plaintiff. Thus, a legitimate dispute as to the value of Plaintiff's bodily injury claim has arisen between Plaintiff and GEICO.

On January 26, 2016, Plaintiff filed suit against GEICO in the District Court of LeFlore County, Oklahoma. (See Petition, EXHIBIT 2.) Plaintiff alleges a variety of claims and seeks damages "in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the U.S. Code." (See Petition, ¶ 13, EXHIBIT 2.)

Plaintiff claims GEICO was served on February 1, 2016 (See Affidavit of Service, EXHIBIT 4.)

## COMPLETE DIVERSITY EXISTS

"'Federal Courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute . . .'" Rasul v. Bush, 542 U.S. 466, 489 (2004) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). For a federal court to have jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction. At the time the Petition was filed, federal question jurisdiction did not exist. Specifically, there were no allegations that the Constitution or any federal statute had been violated (See generally Petition, EXHIBIT 2.)

However, as of the moment Plaintiff filed her Petition, diversity of jurisdiction existed. Specifically, as the date of Plaintiff filing her Petition, pursuant to U.S.C. § 1332 (a)(2), this action is a civil action over which this Court has original jurisdiction. It is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as shown below.

**Plaintiff is a citizen and resident of Oklahoma.** At the time of filing, the relevant time period, upon information and belief, Plaintiff was a citizen and resident of the state of Oklahoma. (See Groupo Dataflux v. Atlas Global Group,

3

L.P., 541 U.S. 567 (2004) (stating that jurisdiction depends upon the state of things at the time of filing). Plaintiff was not a citizen of the State of Maryland or Washington D.C. (See Petition, ¶ 1, EXHIBIT 2.)

**GEICO is a foreign insurance company.** For purposes of removal under 28 U.S.C. § 1441, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c). While Congress never defined exactly what is a "principal place of business," the Supreme Court recently held unanimously that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center." Hertz Corp. v. Friend, 130 S. Ct. 1181 (2010).

At the time of filing, GEICO was a foreign corporation, incorporated under the laws of the State of Maryland with its "nerve center" or "principal place of business" in Washington, D.C. GEICO was not a citizen of the State of Oklahoma. (See NAIC Company Demographics for GEICO General Insurance Company, attached as EXHIBIT 6.)

As Plaintiff and Defendant are citizens of different states, the complete diversity requirement of 28 U.S.C. § 1332 is met.

## THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

Diversity jurisdiction also requires the removing party demonstrate that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. This requirement

is also met as Plaintiff stated in his Petition "All damages are in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the U.S. Code." (See Petition, ¶ 13, EXHIBIT 2.)

Plaintiff's Petition appears to be deliberately confusing on this issue. Nonetheless, it is well recognized that a plaintiff "should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement." Morgan v. Gay, 471 F.3d 469, 477 (3d Cir. 2006). In Dart Cherokee Basin Operating Co., LLC v. Owens, the United States Supreme Court held that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."135 S. Ct. 547, 553 (2014).

When a plaintiff contests the defendant's allegation concerning the amount in controversy, "28 U.S.C. § 1446(c)(2)(B) instructs that [R]emoval is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." Dart Cherokee Basin Operating Co., 135 S. Ct. at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)). When a plaintiff challenges the amount in controversy alleged by the defendant, "both sides submit proof and the court decides" whether the requirement has been satisfied. Id. at 554.

The defendant "may rely on documents, such as discovery requests, affidavits, or other `summary judgment type evidence' that may be in defendant's possession." Garner v. Equilon Pipeline Co., LLC, No. 08-CV-0777-CVE-FHM, 2009 WL 661399, at *4 (N.D. Okla. March 12, 2009) (citing McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008)). The United Stated District Court for the Northern District of Oklahoma has also stated "[p]re-complaint settlement demand letters may be relied upon in proving the amount in controversy for jurisdictional purposes." Maddox v. Delta Airlines, Inc., No. 10-CV-00456-CVE-PJC, 2010 WL 3909228, at *3 (N.D. Okla. Sept. 29, 2010); see also Archer v. Kelly, 271 F. Supp.2d 1320, 1324 (N.D. Okla. 2003) (stating "[t]he pre-suit written settlement demand in this matter gave defendants knowledge that the amount in controversy exceeded $75,000").

In the present action, Plaintiff claims he is entitled to $25,405.98 for breach of contract. (See Petition, ¶ 11, EXHIBIT 2.) But, Plaintiff's breach of contract claim must be limited to the $25,000.00 UM policy limit in controversy. (See Declarations Page, EXHIBIT 5.)

Plaintiff makes vague allegations for economic damages he suffered as a result of GEICO's refusal to pay the UM contract policy limits, without actually writing the words "bad faith". (See Petition, ¶ 12, EXHIBIT 2.) Yet, the only cause of action recognized in Oklahoma wherein an insured may recover economic

6

damages for an insurer's refusal to pay a claim is for tortious breach of the insurer's duty of good faith and fair dealing.  Clearly, Plaintiff is does not want his damages for this cause of action to be limited to $75,000.00 or less and therefore, he pled "All damages are in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the U.S. Code." (See Petition, ¶ 13, EXHIBIT 2.)

### REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . .."  The earliest date on which GEICO was served was February 1, 2015, and therefore, this notice of removal is timely filed. (See Affidavit of Service, EXHIBIT 4.)

Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action.  Thus, removal is timely. (See Petition, filed on January 26, 2106, EXHIBIT 2.)

Lastly, this Notice of Removal has been removed to the proper federal district court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "The District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Currently, this action is pending in the District Court of LeFlore County,

State of Oklahoma. The Eastern District of Oklahoma includes the County of LeFlore County. See 28 U.S.C. § 116(c). Therefore, removal to this Court is proper.

Pursuant to 28 U. S.C. § 1446(d), GEICO will serve written notice of the filing of this Notice of Removal upon Plaintiff, and GEICO has filed a copy of the Notice of Removal with the Clerk of the District Court in and for LeFlore County, State of Oklahoma.

WHEREFORE, Defendant, GEICO General Insurance Company, removes this action from the District Court in and for LeFlore County, State of Oklahoma, to the United States District Court for the Eastern District of Oklahoma.

                          MILLER & JOHNSON, PLLC

By:   s/ *J. Logan Johnson*
       J. Logan Johnson, OBA #12722
       Jami Rhoades Antonisse, OBA #20612
       1221 N. Francis Ave., Suite B
       Oklahoma City, OK 73106
       Telephone: (405) 896-4388
       Fax: (405) 609-2995
       ljohnson@millerandjohnson.com
       jantonisse@millerandjohnson.com
       Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Phil Votaw, OBA #17983
Phil Votaw & Associates
9 North 9th St.
Fort Smith, AR 72901
Telephone: (479) 434-6200
Fax: (479) 649.9700
Attorney for Plaintiff

I hereby certify that on February 19, 2016, I served the same document by United States Mail, postage prepaid, on the following who is not a registered participant of the ECF System:

Melba Hall
Leflore County Court Clerk
P.O. Box 688
Poteau, OK 74953

s/ J. Logan Johnson<br>J. Logan Johnson