IN THE DISTRICT COURT OF LEFLORE COUNTY
STATE OF OKLAHOMA



FILED
JAN 2 5 2016

MELBA L. HALL COURT CLERK
STATE OF OKLA.-LEFLORE COUNTY

| | |
|---|---|
| DALTON HICKMAN, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. CJ- 16-19 |
| ) | |
| GEICO GENERAL ) | |
|   INSURANCE COMPANY, ) | |
|     Defendant. ) | |

## PETITION FOR BREACH OF CONTRACT

COMES NOW, the Plaintiff, Dalton Hickman, by and through his attorney, Phil Votaw, of Phil Votaw & Associates, and for this cause of action against the Defendant, Geico General Insurance Company, and states:

1.  That the Material Breach of Contract, by the Defendant, hereinafter referred to as "Geico", described below, occurred in Spiro, LeFlore County, Oklahoma, and Plaintiff, Dalton Hickman, is a resident of the State of Oklahoma, and that jurisdiction and venue are proper.

2.  That on January 6, 2014, the Geico Insured party, Dalton Hickman, was a passenger in the Geico Insured vehicle being driven by his wife, Angela Hickman, with permission, and was involved in an accident with Chelsea Hall's vehicle, in Poteau, LeFlore County, Oklahoma, thus causing Plaintiff's physical injuries; which resulted in immediate medical care to treat these serious injuries, currently totaling $25,405.98, (See Exhibit A) in addition, Plaintiff's vehicle suffered damage as a direct result of this violent collision.

3.  As a result of the collision on January 6, 2014, the Plaintiff suffered the following severe injuries: the injuries he received caused constant throbbing and pain in his knee; he walked with a limp, and had to use crutches. The pain was stated as being global and worsened with

1

walking. The throbbing pain radiated down to his right ankle and foot. He took over the counter medicine and anti-inflammatory medication with minimal relief. He was diagnosed as having an "extensive complex tear of the medical meniscus in his right knee" and ultimately had to have surgery on his knee to repair the damage. The severity of his injuries adversely affected his ability to perform daily activities as well as care for his family.

4. On October 29, 2015, Plaintiff's counsel sent a clearly worded demand to Defendant, Geico's Claims Examiner, Amy Grieco, for settlement of this matter for the limits of liability of the insurance policy issued by Geico General Insurance Company. (See Exhibit B) Given the serious and extreme injuries to Plaintiff, the demand for policy limits was in order unless an umbrella policy existed.

5. On December 8, 2015, the Defendant, Geico General Insurance Company, made a fully informed decision and made an unconditional written offer to settle all of the Plaintiff's claims for the total sum of $2,000. This offer as stated was never retracted by the Defendant.(See Exhibit C)

6. On December 8, 2015, this offer was denied by the Plaintiff in writing exactly the same manner that it was transmitted by the Defendant, without conditions and the Defendant was notified of the unconditional denial of its offer. (See Exhibit D)

7. A contract was formed between Plaintiff and Defendant, Geico General Insurance Company, in that there was full consideration by both parties for the contract, with such consideration being:

    a. A promise to release by Plaintiff for a promise to pay by Defendant; and

    b. The parties' acceptance of the contract.

8. On December 8, 2014, the Defendant, Geico General Insurance Company, repudiated the contract that had previously entered into with Plaintiff. (See Exhibit E)

9. Plaintiff has performed to all the conditions, covenants and promises required by it, to be performed in accordance with the terms and conditions of the contract.

10. Defendant, Geico General Insurance Company, has thus breached its contractual obligation with Plaintiff, Dalton Hickman, by refusing to perform in good faith their promise based on an agreed contract as entered into agreement by the parties.

11. As a direct result of the breach by the Defendant in the obligations pursuant to the agreed-upon contract, the entire sum of $25,405.98, is now due, owed, and unpaid:

   (a) Demand has been made on Defendant, to provide the proceeds/funds as required by contract and the Defendant has denied.

   (b) Defendant has therefore breached their contract with Plaintiff, who has been damaged thereby in the sum of $25,405.98, plus interest at the legal rate from and after the date due according to proof, and that the amount in controversy does not exceed $75,000.

12. That as a direct and proximate consequence of the Defendant's refusal to provide the agreed upon settlement to the Plaintiff, who has been injured by loss of use of funds, loss of time, and an inability to repay creditors and medical providers without the use of said funds, all to his detriment, any and all other damages to which Plaintiff are entitled to under the law, and in addition, under Oklahoma law, the Plaintiff is entitled to full attorney's fees and costs of pursuing this action, in an amount to be determined by a jury.

13. All damages are in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the U.S. Code.

14. JURY TRIAL DEMANDED.

15. ATTORNEY LIEN CLAIMED.

WHEREFORE, Plaintiff, Dalton Hickman, prays that he have and recover judgment against the Defendant, Geico General Insurance Company, in a sum in excess of the federal jurisdictional limits in diversity cases in compensatory damages; for pre- and post-judgment interest as may be allowed by law; for court costs; attorneys' fees; and any and all other relief to which he may be entitled to receive.

Respectfully Submitted,

_Dalton Hickman_, *Plaintiff*

PHIL VOTAW & ASSOCIATES

_Phil Votaw_
Phil Votaw, OBA #17983
9 North 9th Street
Fort Smith, AR 72901
479.434.6200 Telephone
479.649.9700 Fax

4